IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| KEVIN MORMON, | * | |
| Petitioner, | * | |
| v. | * | Case No.: PWG-12-cr-592 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

On August 1, 2013, Petitioner Kevin Mormon was convicted by a federal jury of conspiracy to distribute at least 280 grams of cocaine base, for which he is currently serving a 25-year sentence. *See* Verdict 1-2, ECF No. 42; J. 2, ECF No. 55. On November 12, 2014, the Fourth Circuit affirmed this Court's judgement. *See* 4th Cir. J. 1, ECF No. 78. The Supreme Court denied certiorari on May 4, 2015. *See Mormon v. United States*, 135 S. Ct. 2069 (2015) (mem.).

Subsequently, Mr. Mormon filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *See* Mot. to Vacate 3, ECF No. 85. The motion alleged a Sixth Amendment violation, a Confrontation Clause violation, ineffective assistance of counsel, and prosecutorial misconduct. *See id.* at 7, 9, 10, 23. On July 11, 2017, I denied Mr. Mormon's motion, in part because the Court lacked jurisdiction to review issues that Mr. Mormon had previously litigated on direct appeal or failed to do so and did not meet the § 2255 cause-and-prejudice standard. *See* Mem. Op. 2-3, ECF No. 112. Moreover, I found that his ineffective assistance of counsel claim fell short of the standard elucidated in *Strickland v. Washington*. *See id.* The Fourth

Circuit affirmed the denial several months later. *See* Fourth Cir. J 1, ECF No. 121. The Supreme Court denied certiorari on April 16, 2018. *See Mormon v. United States*, 138 S. Ct. 1568 (2018) (mem.).

Mr. Mormon, who is representing himself, filed a Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure on December 26, 2018. *See* Mot. for Recons. 1, ECF No. 127. Mr. Mormon argues that this Court's proceedings were defective when it dismissed his § 2255 motion. *See id.* He raises four issues to support this claim: (1) the Court mistakenly applied the wrong legal standard, which should have been the deliberate elicitation standard under *Massiah*; (2) the government misrepresented the issue, facts, and law; (3) the Court applied the wrong legal standard in a manner inconsistent with due process of law; and (4) the Court failed to reach the merits by applying the wrong legal standard. *See id.* at 6-9. He seeks relief from final judgment and appointment of counsel to assist him in further proceedings. *See id.* at 1.

## **Jurisdiction**

The threshold issue that I must first decide is one of jurisdiction. In this circuit, a district court must "treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A successive § 2255 motion requires a certificate of appealability from the appropriate Court of Appeals before proceeding. 28 U.S.C. § 2255(h). Without certification, the district court does not have jurisdiction to decide the motion. *See Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)). When a district court determines a Rule 60(b) motion is a successive application, it must dismiss the

motion for lack of jurisdiction or transfer it to the Fourth Circuit to perform its gatekeeping function under § 2244(b)(3). *See id.* at 207.

Rule 60(b) provides relief from final judgement when one or more of the following occurred:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Mr. Mormon argues the existence of (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (6) any other reason that justifies relief. *See* Mot. for Recons. 6-9.

"A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Winestock*, 340 F.3d at 207. Mr. Mormon's motion, though styled as a motion for reconsideration under Rule 60(b), is just that. Virtually all of his arguments previously appeared in his motion to vacate. And while Mr. Mormon alleges that the Government mispresented the law in its arguments to the Court, *see* Mot. for Recons. 7, he has not raised any allegations suggestive of a fraud on the habeas court, *see Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005). The parties aired their disagreement over this point of law in the previous proceedings, and the Court resolved the issue in its Memorandum Opinion, explaining: "An accused who is admonished with the [Miranda] warnings . . . has been sufficiently apprised of the nature of his Sixth Amendment rights, and of the consequences of abandoning those rights, so that his waiver on this basis will be considered a knowing and intelligent one." *See* Mem. Op. 6 (quoting *Patterson*

*v. Illinois*, 487 U.S. 285, 296 (1988)). Mr. Mormon cannot now relitigate this issue under Rule 60(b). *See Winestock*, 340 F.3d at 207 (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir.1999)).

Because I find Mr. Mormon's motion for reconsideration is tantamount to a repetitive or successive § 2255 motion, I dismiss the motion for lack of jurisdiction.

### Request for Counsel

There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent prisoner pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing Section 2255 Cases provides that a court must appoint counsel if it is "necessary for effective discovery." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is warranted." Mr. Mormon has adequately articulated his claims, and the issue presented is not unduly complex. At this stage of the proceedings, it does not appear that an evidentiary hearing is warranted. Therefore, Mr. Mormon's request for appointment of counsel, incorporated in his motion for reconsideration, will be denied without prejudice.

### ORDER

Accordingly, it is this 17th day of June, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner Kevin Mormon's Motion for Reconsideration, ECF No. 127, IS DENIED;

2. Petitioner's request for appointment of counsel, incorporated in ECF No. 127, IS DENIED without prejudice;

3. The Clerk SHALL PROVIDE a copy of this Order to Mr. Mormon.

_____
Paul W. Grimm
United States District Judge